THEODORE KROELL, Individually and Also in Behalf of Himself and All Other Holders of Voting Trust Certificates Representing Shares of Stock of Defendant NEW YORK AMBASSADOR, INC., Who Shall Choose to Make Themselves Parties to This Action, Appellant, *v.* DOUGLASS VOUGHT and Others, Respondents, Impleaded with Another, Defendant.

Order, so far as appealed from, affirmed, with twenty dollars costs and disbursements. No opinion. The date for the examination to proceed to be fixed in the order. Settle order on notice.

Present — Martin, P. J., Townley, Glennon, Dore and Cohn, JJ.; Cohn, J., dissents and votes to modify; dissenting opinion by Cohn, J.

COHN, J. (dissenting). Plaintiff is the holder of bonds and of a voting trust certificate representing shares of stock of the New York Ambassador, Inc. He is also acting in behalf of an independent bondholders' committee made up of seven hundred individuals who are the owners of securities of the corporation.

The complaint charges the individual defendants, who are the voting trustees of all the shares of stock and the directors of the defendant corporation, with mismanagement and waste of the corporate assets after they gained control for their own individual benefit; that the said individual defendants in behalf of the corporation entered into, and decline to exercise the corporation's right to cancel, a wasteful and imprudent management contract with the defendants Thorne and Atkinson; that for the past six years there have been heavy losses in the operation of the hotel due to mismanagement; that the information furnished by the annual reports issued by the defendants to the bondholders is meager and uninformative; that in particular, for the past five years, namely, from 1936 to 1940, an item in excess of $300,000 was listed in each annual report as " Other Expenses " without any explanation of these large expenditures; and that the real estate taxes in arears have increased by approximately $419,000 since the year 1936.

In the light of these allegations I think that a proper exercise of discretion calls for a broader examination than was allowed by the Special Term. Accordingly, I dissent and vote to modify the order appealed from by allowing an examination as to items " p," " x," " y," " ee " and " ii " in subdivision 1, and " a," " c " and " d " in subdivision 2, without prejudice to an application at Special Term for a discovery and inspection upon the completion of the examination before trial, if the facts disclosed in the examination should warrant the granting of such relief, and as so modified, the order should be affirmed. [See 263 App. Div. 803.]